**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Kara Ann Bradley,<br><br>    Debtor(s). | C/A No. 22-03051-EG<br><br>Chapter 7<br><br>**ORDER ADMITTING AUDIO OF MEETING OF CREDITORS INTO EVIDENCE** |

**THIS MATTER** is before the Court on an evidentiary dispute between Chapter 7 Trustee Michelle L. Vieira (the "Trustee") and Kara Ann Bradley ("Debtor") which arose at the contested hearing on the Debtor's *Motion to Convert Case from Chapter 7 to Chapter 13* ("Motion to Convert") held on February 1, 2023.[1] The issue before the Court can be summarized as follows: Should the audio recording of the § 341 meeting of creditors held in this case on December 7, 2022 be introduced into evidence? Based on the record, the positions of the parties raised at the hearing on the Motion to Convert with respect to the evidentiary issue currently before the Court, and the Debtor's Objection to Introduction of Recording Into Evidence (the "Objection"),[2] the Court makes the following findings and conclusions.

**FACTUAL BACKGROUND**

As requested by the Court and consistent with the Court's procedures, the parties filed a Joint Statement of Dispute setting forth, among other things, the parties' legal positions with respect to the Motion to Convert, the names of the witnesses to be called at the hearing, and the exhibits and evidence to be presented.[3] The Joint Statement of Dispute provided that "the parties shall be limited to and bound by the positions provided herein." The Trustee's list of exhibits to

---

[1] ECF No. 16, filed Dec. 15, 2022 and ECF No. 17, filed Dec. 16, 2022.
[2] ECF No. 41, filed Feb. 3, 2023.
[3] ECF No. 29, filed Jan. 17, 2023.

1

be presented at the hearing did not include the audio recording or transcript of the § 341 meeting of creditors held in Debtor's case on December 7, 2022 ("341 Meeting") as part of the evidence to be introduced.

At the hearing, both the Debtor and the Trustee were called as witnesses. The Debtor was called by her counsel to testify in support of the Motion to Convert and was cross-examined by Trustee's counsel. On direct examination, she testified regarding the tax refunds she had received and indicated that when it came to the questioning at the 341 Meeting regarding the tax returns and tax refunds that were due her for 2017 through 2021, she felt "bombarded" with questions and was not given a chance to explain herself properly. When cross-examined by Trustee's counsel whether she testified at the 341 Meeting that she had not yet received the tax refunds, the Debtor stated that she did not get a chance to properly respond or explain whether she had. The Debtor was then asked by Trustee's counsel: "Is it your testimony that when asked if you had received your refunds yet, is it your testimony that your answer was not no, that you had not received the refunds yet?", she responded: "I don't recall what I said then. Like I said, I felt completely bombarded." On direct examination by her counsel, the Trustee testified that when questioning the Debtor at the 341 Meeting whether she had received the tax refunds at issue, the Debtor responded she had not received them yet. The Trustee further testified that the Internal Revenue Service informed her that the Debtor had, in fact, received some tax refunds prior to the 341 Meeting.

Following cross-examination and during re-direct examination of the Trustee, counsel for the Trustee sought to introduce the audio recording of the 341 Meeting into evidence to impeach the Debtor's testimony regarding her statements about the tax returns made at the 341 Meeting, and in particular, her receipt of tax refunds. Debtor's counsel objected to its admission because it

was not listed in the Joint Statement of Dispute as evidence that the Trustee would introduce at the hearing. Upon request by the Court, the Trustee testified as to the chain of custody of the flash drive in which the audio file is stored. The Court noted that the Debtor's testimony at the 341 Meeting was relevant given the disagreement between the parties as to what Debtor's testimony was at the 341 Meeting regarding the tax refunds. The Court, however, acknowledged that Debtor's counsel had not had an opportunity to listen to the recording to ensure its authenticity. The Court provisionally admitted the audio file into evidence for impeachment purposes subject to any objection raised by the Debtor after her counsel received a copy of the audio file and listened to it. The Court further instructed Trustee's counsel to e-mail Debtor's counsel a digital copy of the recording and to forward it to the Court after he had an opportunity to review and respond.

On February 3, 2023, the Debtor filed the Objection and raised the following grounds for denial of the introduction of the recording of the 341 Meeting into evidence: (1) the recording was not listed in the Joint Statement of Dispute; (2) since the audio file was sought to be introduced into evidence after the Debtor had cross-examined the Trustee, the Debtor's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated; and (3) impeachment is not available because the Debtor's testimony at the February 1, 2023 hearing was not inconsistent with her testimony at the 341 Meeting.

## **CONCLUSIONS OF LAW**

At the outset, the Court notes that the audio file should have been listed as an exhibit in the Joint Statement of Dispute. Joint Statements of Dispute are required precisely to avoid either party being surprised by the evidence presented at the hearing, and it was reasonably foreseeable that the audio of the 341 Meeting may be relevant to deciding the Motion to Convert. Fed. R. Evid. 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially

3

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." While the Court does not take the failure to list the recording on the Joint Statement of Dispute lightly, the Court finds that none of the concerns enumerated in Fed. R. Evid. 403 are present. Moreover, given its relevance in this case, the Court will admit the audio file as substantive evidence under Fed. R. Evid. 801(d) and for impeachment purposes under Fed. R. Evid. 613(b).

The Debtor asserts her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution would be violated if the recording were introduced into evidence. The Court notes that such rights are only afforded to criminal defendants and thus do not apply to the Debtor in this matter. *See* U.S. Const. amend. VI (emphasis added) ("In all *criminal* prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him. . ."); *Hannah v. Larche*, 363 U.S. 420, 440 n.16 (1960) (the Sixth Amendment "is specifically limited to 'criminal prosecutions'").

Evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401. While irrelevant evidence is not admissible, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. As the Court already determined at the hearing, the audio file is relevant. The Debtor's 341 Meeting testimony would shed light on whether the Debtor's testimony—as well as the Trustee's—at the February 1, 2023 hearing was an accurate recollection of what the Debtor testified to at the 341 Meeting concerning her tax returns and receipt of the tax refunds. Thus, it would aid the Court in determining the "good faith" of the Debtor which is the underlying issue in this case and a fundamental factor in

considering whether this case should be converted to chapter 13 or remain in chapter 7. Having found that the audio file is relevant, the Court must determine whether it is admissible.

Fed. R. Evid. 801(d)(2)(A) provides that a statement that "is offered against an opposing party and...was made by the party in an individual or representative capacity" is not hearsay and is thus admissible. Fed. R. Evid. 801(d)(1) provides when "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition", the statement is not hearsay and is thus admissible. Fed. R. Evid. 613(b) provides "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision (b) does not apply to an opposing party's statement under Rule 801(d)(2)." "[A] trial judge has considerable discretion in determining whether testimony is inconsistent with prior statements. . .[and] inconsistencies can be found in changes in positions implied through silence or a claimed inability to recall." *In re Daniels*, 641 B.R. 165, 179 n.11 (Bankr. S.D. Ohio 2022) (internal quotation marks and citations omitted).

Recordings of an opposing party's statements have been held to be admissible under Fed. R. Evid. 801(d)(2)(A) and Fed. R. Evid. 613. *See United States v. Lutz*, No. 96-4832, 1998 WL 486345, at *3 (4th Cir. Aug. 7, 1998) (tape recording introduced to impeach the party's testimony was admissible as an admission by a party opponent under Fed. R. Evid. 801(d)(2)(A) and as a prior inconsistent statement under Fed. R. Evid. 613(b)); *United States v. Kenny*, 645 F.2d 1323, 1339-40 (9th Cir. 1981) (party's statements on a tape recording introduced to impeach the party's testimony constituted admissions of a party opponent and were "not hearsay" under Fed. R. Evid.

5

801(d)(2) and were also admissible as prior inconsistent statements under Fed. R. Evid. 613). Additionally, one bankruptcy court found that a transcript of a Rule 2004 examination of the witness was admissible for substantive purposes under Fed. R. Evid. 801(d)(1)(A) and was proper impeachment by prior inconsistent statement under Fed. R. Evid. 613. *Daniels*, 641 B.R. at 179 n.11.

It is uncontested that the audio file is authentic. At the hearing on February 1, 2023, the Court expressly requested that the Trustee share the audio recording of the 341 Meeting with Debtor's counsel so that he could listen to it and raise any concerns regarding its authenticity. None were raised in the Objection. Moreover, it is undisputed that the Debtor made statements at the 341 Meeting regarding her tax returns and receipt of the tax refunds owed to her, and the Trustee is offering those statements from the audio recording of the 341 Meeting against the Debtor. Accordingly, the audio file is admissible as substantive evidence under Fed. R. Evid. 801(d)(2)(A).

The audio file is also admissible as substantive evidence under Fed. R. Evid. 801(d)(1). The parties' recollection about what the Debtor testified to at the 341 Meeting about her receipt of tax refunds is not entirely consistent and the Debtor's testimony at the hearing on this issue was equivocal. Since the Debtor testified at the hearing and was subject to cross-examination about the prior statement at the 341 Meeting and given that at the hearing she could not recall entirely what she had testified to at the 341 Meeting, thus offering inconsistent testimony from what the Trustee testified she said at the 341 Meeting, the recording is also admissible as non-hearsay under Fed. R. Evid. 801(d)(1) and is admissible for impeachment purposes under Fed. R. Evid. 613(b).

**IT IS, THEREFORE, ORDERED** that the Trustee's request is granted, and the Court admits the audio file of the § 341 meeting of creditors of Debtor Kara Ann Bradley held on

December 7, 2022 as substantive and impeachment evidence to be considered in ruling on the Debtor's *Motion to Convert Case from Chapter 7 to Chapter 13*.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**02/08/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 02/08/2023