UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE<br><br>KARA ANN BRADLEY<br><br>DEBTOR | CASE NO.  22-03051-EG<br><br>CHAPTER 13<br><br>AMENDED NOTICE OF MOTION REGARDING RELIEF TO BE REQUESTED IF DOCUMENTS ARE NOT PROVIDED, OR FOR FAILURE TO ATTEND MEETINGS OR HEARINGS |

The Chapter 13 Trustee hereby files the attached papers with the court, requesting that, if all documents are not timely provided, if meetings or hearings are not attended as required, or if confirmation of the plan is denied without leave to amend, the Court issue an order converting the case to a chapter 7.

The Chapter 13 Trustee hereby gives notice that the Debtor's failure to meet the requirements of the code, rules, and local rules may result in the dismissal or conversion of the case at confirmation hearing, notice of which is sent separately.

In the above referenced case,  the ORDER ON DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13, entered February 27, 2023, requires that *"this case may not be dismissed but shall be reconverted to a chapter 7 if the Debtor becomes unable to continue in the chapter 13 for any reason."* (Order 2/27/23 at p 16).

**<u>Your rights may be affected</u>**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

This day:  March 23, 2023

    /s/ Beth Renno_____
James Wyman, Trustee Dist Ct ID 5552
Beth Renno, Staff Attorney Dist Ct ID 5627
Office of the Chapter 13 Trustee
P.O. Box 997
Mt. Pleasant, SC  29465-0997
Tel. (843) 388-9844
13office@charleston13.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE | CASE NO. 22-03501-EG |
|---|---|
|  | CHAPTER 13 |
| KARA ANN BRADLEY<br><br>DEBTOR | AMENDED MOTION REGARDING RELIEF TO BE REQUESTED AT CONFIRMATION HEARING IF DOCUMENTS ARE NOT PROVIDED, OR FOR FAILURE TO ATTEND MEETINGS OR HEARINGS |

Pursuant to 11 U.S.C. § 521 and 1308, Fed. R. Bankr. P. 1007, 3015(b) and 4002, certain information and documentation (including, but not limited to, all Schedules and Statements, and a Chapter 13 Plan) are required to be filed or provided to the chapter 13 trustee within the time periods prescribed therein, or the case dismissed or converted after notice and hearing, pursuant to 11 U.S.C. §1307(c) and Fed. R. Bankr. P. 1017(c).

Pursuant to 11 U.S.C. § 343, a debtor is required to appear at Meeting of creditors, at the date and time indicated in the "Notice of Chapter 13 Bankruptcy Case" issued by the clerk of bankruptcy court. Failure to attend constitutes cause to dismiss or convert under 11 U.S.C. §1307(c).

Pursuant to 11 U.S.C. §1326(a)(1), the debtor is required to commence making payments proposed by the plan to the trustee not later than 30 days after the petition for relief was filed.
Pursuant to 11 U.S.C.§1307(c)(4), failure to commence making timely payments is cause to dismiss or convert the case.

Pursuant to SC LBR 3015-4, certain additional information and documents have also been determined by the Court to be necessary to consideration of the confirmation of a chapter 13 plan. If the chapter 13 trustee has requested any of the information/documents listed below at the 11 U.S.C. § 341 meeting, or at any time thereafter in writing, it must be provided to the trustee at least seven (7) days prior to the original confirmation hearing. It is the responsibility of the debtor to ensure that the required documents are provided to the trustee (and filed, as necessary). These documents include, but are not limited to, the following:

1. A Modified Plan with service as required under SC LBR 3015-2, as necessary to meet all Chambers Guidelines, Local Rules, Operating Orders, and/or the Bankruptcy Code and Rules.
2. Wage Order statement or proof of TFS billpay enrollment in compliance with Chambers Guidelines.
3. Proof that all payments pursuant to the plan have been made through the date of confirmation.
4. The most recent real estate tax appraisals covering all parcels of debtor's real property.
5. Post-petition domestic support certificate signed and dated through the month of the confirmation hearing.
6. The amount of the most recent year's income tax refund received by debtor, for both state and federal returns.

7. Proof that all required income tax returns have been filed.
8. Final, signed copies of the most recent year's federal and state income tax returns (including all attached schedules).
9. Amended Schedules if identified as necessary by the trustee.
10. Amended Statement of Financial Affairs if identified as necessary by the trustee.
11. Amended Petition or Your Statement About Your Social Security Numbers correcting the debtor's name and/or social security number if identified as necessary by the trustee.
12. In any case involving a self-employed debtor, a completed self-employment questionnaire, business budget, and final, signed copies of the business's most recent year's federal and state income tax returns (including all attached schedules).
13. Proof of charitable contributions made by the debtor.
14. An itemization of unreimbursed medical expenses.
15. An itemization of a non-filing spouse's monthly expenses, including the balance owed and interest rate on each debt.
16. Copies of the debtor's pay stubs and W-2 forms.
17. Any other item not specified above which is reasonably related to the administration of the case and which the trustee requested either orally at the 11 U.S.C. § 341 meeting or in writing prior to the confirmation hearing.

NOW, THEREFORE, pursuant to 11 U.S.C. §1307(c), the Chapter 13 Trustee hereby requests that the Court **convert the case to chapter 7 at confirmation hearing, scheduled by the clerk on May 25, 2023, or at any continued confirmation hearing, without further notice**, *if the Debtor fails to provide and/or file documents as above, or fails to attend meeting of creditors or any mandatory hearing.* Failure to appear at the confirmation hearing may be construed as a waiver of the right to object to this relief.

Nothing in this Notice should be construed as a waiver of the Trustee's right to file a separate motion to convert the case and set it for a different hearing date. Nor does this Notice limit or restrict any action the Court may take or any hearing the Court may set on case deficiencies.

This day: March 23, 2023            /s/ Beth Renno_____
                                    James Wyman, Trustee Dist Ct ID 5552
                                    Beth Renno, Staff Attorney Dist Ct ID 5627
                                    Office of the Chapter 13 Trustee
                                    P.O. Box 997
                                    Mt. Pleasant, SC  29465-0997
                                    Tel. (843) 388-9844
                                    13office@charleston13.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE | CASE NO. 22-03051-EG |
|---|---|
| KARA ANN BRADLEY | CHAPTER 13 |
| DEBTOR | CERTIFICATE OF SERVICE OF NOTICE AND MOTION TO CONVERT TO CHAPTER 7 AT CONFIRMATION HEARING IF DOCUMENTS ARE NOT PROVIDED, OR FOR FAILURE TO ATTEND MEETINGS OR HEARINGS |

I hereby certify that on this day March 23, 2023, I have served the attached Notice and Motion, via US Mail, upon the below parties at the addresses indicated, postage prepaid:

KARA ANN BRADLEY
2940 GANTT DR
JOHNS ISLAND SC 29455

William Joseph Virgil Barr Law Firm
20 Dimery Street
Kingstree SC 29556


/s/ Russell Jackson, II
Russell Jackson, II
Office of the Chapter 13 Trustee