UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | Case no 22-03051-EG |
|---|---|
| | Chapter 13 |
| KARA ANN BRADLEY | **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtor. | |
| | Chapter 13 |

The Chapter 13 Trustee hereby objects to the confirmation of Debtors' Plan, filed March 12, 2023 ("Plan"), and any subsequently filed Plan, if all issues raised below are not resolved.

Trustee asserts that the plan does not meet the requirements of the bankruptcy code, Chambers Guidelines, Operating Orders, and South Carolina Local Bankruptcy Rules (SC LBR) and/or the Debtors have not filed all documents needed to meet their burden of proof that the Plan is confirmable, as follows:

1. The Trustee is unable to determine the true financial circumstances of the Debtor. The Schedules and Statements appear to be incomplete or unsubstantiated, as follows:
   a. No evidence of Debtor's income has been provided. Debtor asserts that she receives $900.00 per month in income from self employment on all of the three (3) Schedules I, last one filed March 12, 2023, but has not provided "a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income" which is required on the form Schedule A line 8a. Debtor's 2022 tax returns show that Debtor's income from her business lost $38,571 last year. Trustee has requested profit and loss statements from Sept 2022 through May 2023 to determine if income is correct, but those statements have not been provided.
   b. Schedule A/B was filed with the original Schedules on November 21, 2022, indicating that no tax refunds were due to the Debtor. Schedule A/B was amended on February 2, 2023 indicating at line 28 that Debtor had "Tax Refunds Years 2019, 2020, 2021" in the amount of $24,000.00. Schedule A/B was amended again on March 12, 2023 indicating at #28 for the same tax years that the total refunds were only $14,000.00. Debtor testified at §341 Meeting April 11, 2023 that her father is currently holding refunds for 2020 and 2021 on her behalf, approximately $8,000.00 for 2020 refunds, and $14,856.00 for 2021 refunds. Trustee is informed and believes that $22,832.00 in tax refunds were paid to the Debtor at or around the time the case was filed, that the Debtor's father is holding the funds, and that the amount has not been adequately disclosed.
   c. Debtor testified at §341 Meeting on April 11, 2023 that her business owns an embroidery machine she purchased for $10,000.00, about $1,000.00 in inventory and some supplies, but on Schedule A/B #19 she reports the value of the business to be $0.00.

    d.    At the §341 Meeting held April 11, Trustee (through his staff attorney) requested copies of all bank statements for the 6 months prior to filing and for all months since the filing of the case. Debtor provided all such bank statements for the account ending 1904, but provided only one statement (Oct 2022) for the account ending 3243.

Trustee is unable to determine the liquidation value of the estate, disposable income, nor whether the plan as filed is feasible based upon the information that has been provided to date.

2. The Trustee is informed and believes that if the Schedules are correct and no other assets are discovered, the liquidation value of the estate pursuant to §1325(a)(4), after deduction for costs and hypothetical chapter 7 trustee fees, is at least $66,417.00.[1] This amount to be paid to allowed prepetition unsecured creditors. Trustee believes that the allowed post petition priority claim in the amount of $8,500.00 for the previous chapter 7 trustee should be paid in addition to the $66,417 to the pool of unsecured creditors. The Plan as currently filed is funded to pay approximately $38,855.00 to the pool of unsecured creditors.

3. It does not appear that the Debtor can afford to make payments which would meet the liquidation requirements as above. Trustee's calculations show that the base plan will need to be at least $81,800.00 to pay the $66,417.00 to the unsecured creditors, the administrative priority claim of $8,500.00, and estimated Trustee fees. That would require the Trustee payment to increase from $860.00 to $1,381.00 beginning in May. As indicated in #1(a) above, Debtor has not documented her income at all, but Debtors budget has been amended at least 3 times in the 6 months the case has been pending, but has never shown a net income of more than $869.22. If the Plan is amended to meet the requirements of §1325(a)(4), it does not appear that the Debtor will be able to meet her burden of proof that she can make all payments needed under the plan, pursuant to §1325(a)(6).

4. Trustee is informed and believes that the Plan must, but does not currently, provide for the payment of the allowed post petition administrative priority claim in the amount of $8,500.00 to the previously appointed chapter 7 Trustee.

5. Lack of good faith – despite six (6) amended schedules and over six (6) months in the case, the Trustee is informed that there are still inconsistencies/ inaccuracies in the Schedules and Statements as stated in #1 above. Trustee is uncertain that the Debtor proposed the plan in good faith, and may not meet the requirements of §1325(a)(3).

---

[1] The bar date for filing non-governmental claims has passed, and allowed unsecured claims to date total $265,226.28, so unless objections to claim are successfully filed, it does not appear that the unsecured claims will need to be paid in full.

WHEREFORE, the Trustee prays that the Court deny confirmation of the Plan and deny any request by the Debtor for additional time to file a modified plan or schedules. Trustee intends to request that the case be reconverted at the hearing June 6, 2023

| | |
|---|---|
| This day, May 18, 2023 | /s/ James Wyman<br>James Wyman, Trustee Dist Ct ID 5552<br>Beth Renno, Staff Attorney Dist Ct ID 5627<br>Office of the Chapter 13 Trustee<br>P.O. Box 997<br>Mt. Pleasant, SC  29465-0997<br>Tel. (843) 388-9844<br>13office@charleston13.com |

### CERTIFICATE OF SERVICE

I hereby certify that I have served the attached Objection via U.S. Mail, postage attached, to the following. In addition, the Debtor has accepted electronic service which will be provided when this document is filed.

| | |
|---|---|
| KARA ANN BRADLEY<br>2940 GANTT DR<br>JOHNS ISLAND SC 29455 | William Joseph Virgil Barr<br>Recovery Law Group<br>20 Dimery Street<br>Kingstree SC 29556 |

| | |
|---|---|
| This day, May 18, 2023. | /s/ Heather Crall<br>Heather Crall<br>Office of the Chapter 13 Trustee |