# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | ) | CHAPTER 13 |
|---|---|---|
| Kara Bradley, | ) | BANKRUPTCY NO.: 22-03051-hb |
| Debtor | ) | RESPONSE TO MOTION TO MODIFY STAY |

**TO: JAMES M. WYMAN, TRUSTEE AND ATTORNEY SEAN MARKHAM**

NOW COMES DEBTOR, Kara Bradley., by and through the undersigned attorney, Answering Movant's Motion for Relief from the Automatic Stay on the following grounds:

1. Debtor denies each allegation of the Motion not specifically admitted, qualified, or explained is denied.

2. Debtor admit(s) paragraphs one (1), two (2) and three (3) of Movant's Motion.

3. Debtor admit(s) paragraph four (4) and five (5) of Movant's Motion in so much as the Movant filed a lawsuit for personal injury on October 17, 2019 and the same lawsuit was dismissed on November 15, 2022 as a result of the Debtor's bankruptcy. Furthermore, the Movant filed a Motion to amend adding the Debtor's husband as a named party.

4. Debtor neither admit(s) or denies paragraph six (6).

5. Debtor responding to paragraph seven (7) of Movant's Motion joins in with the Debtor's spouse and is informed and believes that proceeding against the Debtor's husband would violate the automatic stay in the Debtor's bankruptcy.

    Debtor is informed and believes that protections of the automatic stay extend to guarantors or cosigners of debtor although the guarantor or cosigner have not filed bankruptcy. Accordingly, the Debtor's non-filing spouse has an equitable interest in the Debtor's primary asset and the non-filing spouse is the guarantor on the mortgage note.

    Debtor believes that pursuant to 11 U.S.C. 1301 the debtor's spouse would be considered a codebtor and that this action by the movant is in contravention of this statute.

6. Debtor admit(s) paragraph eight (8) of Movant's Motion.

7. Debtor denies paragraph nine (9) and upon information and belief Debtor is informed and believes the automatic stay in the Debtor's case involves creditors and exempted property that both Debtor and her Debtor's husband have an

interest in. Debtor is informed and believes that protections of the automatic stay can extend to guarantors or cosigners of debtor although the guarantor or cosigner have not filed bankruptcy. Debtor's non-filing spouse has an equitable interest in the Debtor's primary asset and the non-filing spouse is the guarantor on the mortgage note.

Furthermore, the Debtor is informed and believes the Bankruptcy Court now has jurisdiction in this matter as the Movant filed a valid proof of claim and filed an objection during the confirmation process. Debtor is informed and believes that these actions by the Movant are tantamount to the Movant submitting to the jurisdiction of the bankruptcy court. Debtor believes that pursuant to 11 U.S.C. 1301 the debtor spouse would be considered a codebtor and that this action by the movant is in contravention of this statute.

8. Debtor denies paragraph ten (10) of Movant's Motion. Upon information and belief Movant has been litigating Case No.2019-CP-10-5320 for just under four years and upon information and belief believes this Motion by the Movant has had ample time to conduct discovery, serve pleadings and/or any other discovery tools the Movant feels necessary.

   Furthermore, the Debtor is informed and believes that the Debtor filed her original chapter 7 voluntary petition on November 7, 2022 and that these bankruptcy schedules were filed before the Charleston County Circuit Court issued an Order allowing the amending of the Movant's complaint. Additionally, the Debtor is informed and believes that as the non-filing spouse is a guarantor or cosigner on many of the property owned by the Debtor, that the Movant has already violated the automatic stay provision when the Movant filed an amended complaint after the Debtor's chapter seven bankruptcy was filed.

9. Debtor neither admit(s) or denies paragraph eleven (11) of Movant's Motion.

10. Debtor denies paragraph twelve (12) along with Movant's wherefore clause. Upon information and belief, the Movant's amended complaint the allegations alleged by the Movant are subject to spousal privilege which could not be used in the movant's now dismissed case. Furthermore, as iterated in Debtor paragraph eight (8) response this amended action was filed after the Debtor had filed her chapter seven voluntary petition.

    Additionally, under the alleged civil conspiracy allegations of Movant's complaint, at the time claimed by the Movant that any alleged action had taken place by the Debtor and Debtor's husband, no lawsuit had been filed, nor any discovery scheduling orders, nor was there any Order from a South Carolina Circuit Judge issuing the Movant an instruction of spoilation.

**WHEREFORE**, having fully responded to the Motion, the Debtor prays that the Motion be dismissed, and for an award of attorney fees and cost(s) for having to defend this action, and for such other and further relief as the Court deems just and proper.

/s/ William Joseph Virgil Barr
William Joseph Virgil Barr
WV Barr Law/ Recovery Law Group
106 N. Academy Street
Kingstree, South Carolina 29556
(843) 355-5444
Wvbarr@wvbarrlaw.com

Kingstree, South Carolina
August 8, 2023

## THE UNITED STATES OF BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 13 |
| | ) |
| KARA BRADLEY | ) |
| | ) Bankruptcy No.: 22-03051-hb |
| | ) |
| | ) |
| Debtor | ) |

### CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief is sought by Movant Lauren Fox from the automatic stay provided by 11 U.S.C. & 362, I do hereby certify to the best of my knowledge the following:

1. Nature of Movant's Interest

    Not applicable

2. Brief Description of Security Interest, copy attached (if applicable):

    Not applicable

3. Description of Property Encumbered by Stay (Include serial number, lot and block number, etc):

    Not applicable

4. Basis for Relief:
    Movant is seeking a comfort order but has adequate protection as the Movant has filed a proof of claim which is included in the Debtor's Chapter 13 Filing. Movant has adequate protection under 11 U.S.C 362(d)(1) as the Movant has previously filed a valid proof of claim, along with having filed an objection in the confirmation process that was ultimately addressed by the Debtor in the Debtors proposed Chapter 13 Confirmed plan.

    The Debtor believes that the Movant by filing a valid proof of claim has submitted themselves to the jurisdiction of the South Carolina Bankruptcy Court and any further action(s) in regards to this proposed claim should be litigated via adversarial proceeding in the bankruptcy court.

5. Prior Adjudication by other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levey of Execution, etc., if applicable.

Movant's case was dismissed due in part to the filed action by debtor on November 7, 2022 under this same bankruptcy case filing.

6. Valuation of Property;
   N/A

7. Amount of Debtor's Estimated Equity (using figures from paragraph 6,supra
   N.A

8. Month and Year in which First Direct Post-petition Payment came due to Movant (if applicable)
   Not Applicable

9. For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied
   Not applicable

10. Month and Year for Which Post-Petition Account of Debtor(s) is Due as of the Date of this Motion:
    Not Applicable

/s/ William Joseph Virgil Barr
Attorney William Joseph Virgil Barr
WV BARR LAW LLC/RECOVERY LAW
106 N. Academy Street
Kingstree, SC 29956
843-530-4224

Dated: August 8, 2023