## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 22-03051-HB |
| Kara Ann Bradley, | Chapter 13 |
| Debtor(s). | **ORDER GRANTING RELIEF FROM STAY** |

This matter is before the Court for consideration of the 11 U.S.C. § 362 Motion for Relief from Stay of Creditor Lauren Fox, filed by her counsel Sean P. Markham, requesting relief to pursue litigation in state court[1] against Paul Bradley, husband of Debtor Kara Ann Bradley. A hearing was held on September 11, 2023, at which Fox testified. Paul Bradley, Debtor, and her counsel William Joseph Virgil Barr were present.

The relevant facts are not in dispute. In 2019, Fox filed a lawsuit against Debtor and her business in state court. Discovery ensued and a motion to amend the pleadings was filed in July of 2022. The motion was granted on or about November 7, 2022, allowing Fox to add Paul Bradley as a defendant. Debtor filed a petition for relief under Chapter 7 the same day.

Around the same time the state court case docket indicates a "suggestion of bankruptcy." The state court's order staying the case due to filing of bankruptcy was entered on November 15, 2022. On November 16, 2022, the previously allowed amended complaint was filed. Apparently there has been no further docket activity in that lawsuit.

Debtor converted the bankruptcy case to Chapter 13 on February 27, 2023. Fox filed a Proof of Claim form on January 6, 2023, amended on May 8, 2023, claiming

---

[1] See Exhibit A, a copy of the state court docket for 2019-CP-10-05320 pending in the Charleston County Circuit Court.

$250,000.00 resulting from a "Tort of Defamation."  No security for the claim is listed. No objection to the claim has been made. Debtor's plan was confirmed on July 6, 2023. Fox concedes that her claim against Debtor is pursued only through that proof of claim in this bankruptcy case.

On July 25, 2023, Markham filed this Motion, essentially seeking a comfort order stating that there is no stay applicable to Paul Bradley and allowing Fox to proceed with litigation against him. At the hearing, Fox testified that there is no need for further discovery from Debtor, that Debtor may ultimately be a witness at any trial, and that Fox would take no further action outside this Court to establish a debt against Debtor or collect from any assets of Debtor related to the pursuit of Paul Bradley for so long as this case is pending, absent further order from this Court. Barr questioned the independent viability of the action against Paul Bradley. However, those arguments address the merits of any pursuit of Paul Bradley and can be raised in the state court. Barr also argued that the state court lawsuit against Paul Bradley is an attempt to reach Debtor and her assets and that the stay is broad enough to protect Debtor's spouse from the pursuit of a judgment against him.[2]

Section 362 does not protect this non-filing spouse from actions outside this Court for tort liability and does not protect that party's interests in property, it is simply devoid of any such protections.

---

[2] 11 U.S.C. § 1301 provides certain protections for a co-debtor liable on a "consumer debt"- that term is defined in §101(8) as a "debt incurred by an individual primarily for a personal, family, or household purpose." In his response to the Motion Barr claimed protection for Paul Bradley under § 1301. At the hearing, arguments regarding any co-debtor stay were abandoned as this defamation claim clearly does not involve a consumer debt.

In the Joint Statement of Dispute filed by the parties,[3] Debtor cited *In re Guerrero* 536 B.R. 817, 2015 Bankr. LEXIS 2921 (Bankr. E.D. Wis. September 1, 2015) and *In re Lugo 2017* [no citation provided]. Debtor has failed to show how either decision is applicable to support her position and protect Paul Bradley. At the hearing, Paul Bradley referenced *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 2003 U.S. App. LEXIS 3398, 65 U.S.P.Q.2D (BNA) 1996 (Fed. Cir. 2nd February 25, 2003) and *Gucci, Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 2004 U.S. Dist. LEXIS 16002 (S.D.N.Y June 24, 2004). Both were decisions where the court discussed the extraordinary relief of an extension of the automatic stay under § 362(a) and § 105 in a Chapter 11 reorganization from a business debtor's bankruptcy to a principal of a business, and the other way around.[4] Initially, this Court notes that no motion to extend the stay in such a manner has been filed. Secondly, Debtor has failed to show how the facts of this situation support such relief, or to cite any authority that has extended the stay to a non-filing spouse in a Chapter 13 case, absent application of §1301.

There is no stay preventing Fox from proceeding with the pursuit of tort claims against Debtor's husband, Paul Bradley, and those actions can proceed. Relief from stay may be granted for cause pursuant to § 362(d). Should Fox deem it necessary for Debtor to testify at trial, there is cause to lift the automatic stay to compel that testimony pursuant to the methods available under applicable state court rules.

**IT IS THEREFORE ORDERED**

---

[3] ECF No. 136, filed Augst 28, 2023.

1. There is no applicable bankruptcy stay preventing Lauren Fox from proceeding with the pursuit of tort claims against Paul Bradley and those actions can proceed.

2. Should Lauren Fox deem it necessary for Kara Ann Bradley to testify at trial in state court, the automatic stay is hereby lifted to allow Fox to compel and present that testimony pursuant to the methods available under applicable state court rules.

3. Lauren Fox may take no further action outside this Court to establish a debt against Kara Ann Bradley or collect any judgment that may be awarded against Paul Bradley from any assets of Kara Ann Bradley absent further order from this Court.

**FILED BY THE COURT**
**09/15/2023**



Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/15/2023